IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL MCCRAY,                               :
    Plaintiff,                           :
                                         :
    v.                                   :         CIVIL ACTION NO. 26-CV-1988
                                         :
SOUTH EASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,     :
    Defendant.                           :

**MEMORANDUM**

**BAYLSON, J.**                                                    **JUNE  8, 2026**

Plaintiff Daniel McCray commenced this *pro se* civil action alleging claims of

discrimination by Defendant South Eastern Pennsylvania Transportation Authority ("SEPTA").

(ECF No. 2.)  He also seeks to proceed *in forma pauperis* (ECF No. 1) and to have counsel

appointed (ECF No. 3).  For the following reasons, the Court will grant McCray leave to proceed

*in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim.  The motion to appoint counsel will be denied.

## I.    FACTUAL ALLEGATIONS[1]

McCray filed his Complaint using the Court's preprinted form for use by unrepresented

litigants to file employment discrimination claims.  By checking boxes on the form, he indicates

that he is bringing claims under the Americans with Disabilities Act of 1990 ("ADA") and the

Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-963.  (Compl. at 1.)

---

[1] The allegations are taken from McCray's form Complaint and attached documents
("Compl.").  The Court adopts the sequential pagination supplied by the CM/ECF docketing
system.

McCray provides few facts in his Complaint.  He was apparently employed by SEPTA and asserts that allegedly discriminatory acts began around the beginning of 2019.  (Compl. at 3.) McCary was "given points for callouts and lateness," which he claims should have been counted as time off under the Family Medical Leave Act ("FMLA").  (*Id*.)  He was taken "off of trips multiple times by management and harassed."  (*Id*.)  On his last day of employment, McCray was called in on his day off and told that he was scheduled to work.  (*Id*.)  He was placed on the night shift but was too fatigued to finish the shift because he had not received enough rest before work.  (*Id*.)  When he informed SEPTA staff that he could not finish the shift because he was too tired, they terminated him.  (*Id*.)

McCray reapplied to SEPTA and passed the SEPTA police physical and written test. (*Id.*) However, he was informed that SEPTA Human Relations ("HR") had placed him on a "no hire" list.  (*Id*.)

At some point, McCray submitted a complaint with the Equal Employment Opportunity Commission ("EEOC").  (*Id*. at 7.)  The EEOC dismissed the EEOC charge and issued a Right to Sue Letter on December 29, 2025.  *(Id*.)  McCray submitted his form Complaint in this Court on March 26, 2026, checking boxes on the form indicating an intent to bring claims pursuant to the ADA and PHRA for failure to hire, termination of employment, failure to reasonably accommodate his disability, harassment, unequal terms and conditions of his employment, and retaliation.  (*Id*. at 2-3.)  He seeks injunctive relief and damages.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

Because McCray appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to screen and

dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in McCray's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

3

III.    **DISCUSSION**

McCray attempts to advance claims under the ADA and PHRA for discrimination, harassment, failure to accommodate his disability, and retaliation.  Disability discrimination claims under the PHRA are interpreted coextensively with their federal counterparts.  *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts" (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996))).

To state a claim for employment discrimination under the ADA, a plaintiff must allege that he has a disability within the meaning of the ADA, he was "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and []he suffered an otherwise adverse employment decision as a result of discrimination." *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220-21 (3d Cir. 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (cleaned up)).  A person is disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Eshleman*, 961 F.3d at 245 (quoting 42 U.S.C. § 12102(1)).

Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith

4

effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)).  To state a claim for a hostile work environment in the context of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability under the ADA; (2) he was subject to unwelcome harassment; (3) his employer harassed him because of his disability or because of a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to cause an abusive working environment; and (5) the defendant employer knew or should have known of the harassment and failed to take prompt effective remedial action.  *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999).

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." *Id*.  This provision is similar to Title VII of the Civil Rights Act of 1964's prohibition of retaliation.  *See* 42 U.S.C. § 2000e–3(a).  Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII.  *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).  A plaintiff states a plausible retaliation claim based on employment discrimination if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) []he engaged in conduct protected by Title VII [or here the ADA]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017).  A general

5

complaint about unfair treatment does not constitute protected activity; a plaintiff must show that he complained specifically about unlawful discrimination. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

McCray's Complaint will be dismissed because he has not pleaded plausible facts to state a claim under any of these legal standards. Most glaringly, McCray has brought claims under the ADA and the PHRA without ever alleging a disability. All of the potential theories mentioned above except retaliation require a plaintiff to plead sufficient facts that he is a qualified individual with a disability. *See, e.g., Eshleman*, 961 F.3d at 245; *Capps*, 847 F.3d at 157; *Walton*, 168 F.3d at 667. While he states that he suffered from exhaustion on his last day when he was called in to work the late shift unexpectedly, (*see* Compl. at 3), fatigue on one occasion does not suffice to plausibly allege that McCray was a qualified individual with a disability. *Coleman v. Keyston Freight Corp.*, 142 F. App'x 83, 86 (3d Cir. 2005) (affirming judgment as a matter of law for defendant where plaintiff experienced fatigue caused by medication and thus was not a "qualified individual" for truck driving job); *Kelly v. Retirement Pension Plan for Certain Home Office, Managerial, and Other Employees of Provident Mut.*, 209 F. Supp. 2d 462, 474 (E.D. Pa. 2002) (ruling that plaintiff who experienced limitations that included not being able to drive or sit for extended periods, and discomfort leading to pain and fatigue was not a qualified individual with a disability and citing cases). McCary states that he was "given points for callouts and lateness" when they should have been counted as FMLA time, but this statement falls far short of alleging that he has a disability or that he was subjected to discrimination on that basis. (Compl. at 3.) Absent any explanatory context, the statement is simply a legal conclusion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (cleaned up and citation omitted)); *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

To the extent that McCary intends to pursue a claim for retaliation, he has not alleged that he engaged in any activity that is protected under the ADA. *See Krouse*, 126 F.3d at 500. Even though a plaintiff does not have to establish that he is a qualified individual with a disability to allege a retaliation claim under the ADA, *see id*. at 502, he must allege that he engaged in activity protected by the ADA—such as complaining specifically about unlawful discrimination under the ADA. *Ruth v. Home Depot*, No. 25-1371, 2025 WL 2414161, at *5 (E.D. Pa. Aug. 20, 2025) (explaining that a general complaint about unfair treatment does not constitute protected activity, but a plaintiff must allege that he complained "specifically about unlawful discrimination") (citing to *Barber*, 68 F.3d at 702). Nothing in McCray's paragraph of facts mentions a disability, much less suggests that McCray took protected action under the ADA for which he was punished.

McCray fundamentally fails to "allege sufficient facts in [his] complaint[] to support a claim." *Vogt*, 8 F.4th at 185 (citation omitted); *see also Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, No. 22-2047, 2023 WL 4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability). Mindful of his *pro se* status, the Court will grant him leave to file an amended complaint to provide additional

7

facts to cure the defects the Court has noted.[2]  McCray should be aware that merely checking boxes on the form and attaching exhibits is not sufficient in itself to allege plausible claims. While he may use the form as part of an amended complaint, he should present all facts to support his claims in an attached narrative statement in numbered paragraphs as required by the Federal Rule of Civil Procedure 10.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant McCray leave to proceed *in forma pauperis* and will dismiss the Complaint for failure to state plausible ADA or PHRA claims.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will grant McCray leave to file an amended complaint. The motion for appointment of counsel will be denied as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate order follows containing additional instructions as to amendment.

BY THE COURT:

/s/ Michael M. Baylson

MICHAEL M. BAYLSON, J.

---

[2] In his factual summary, McCray does not provide any dates of the alleged events or for when he submitted his EEOC complaint.  (Compl. at 3.)  In response to one of the prompts on the form complaint, McCray indicates that discriminatory acts occurred or began on January 1, 2019.  Further, in his Motion for Appointment of Counsel, McCray states that he started employment in May 2010 and was told in November 2019 that he could no longer work. (ECF No. 3 at 2.)  He does not provide the date that he reapplied to SEPTA as a police officer.  As noted above, employment discrimination claims under the ADA follow the same procedures as claims under Title VII. *Zankel v. Temple Univ.*, 245 F. App'x 196, 198 (3d Cir. 2007).  Under Title VII, a complainant must file a charge of employment discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Id.* (citing Title VII § 2000e-5(e)(1). Accordingly, it is possible that at least some of McCray's claims may be time-barred, but the Court reserves judgment on this issue at this time.